**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DONALD KOVAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-cv-00400 |
| | ) | |
| PENNSYLVANIA TURNPIKE | ) | |
| COMMISSION, MITCHELL RUBIN, | ) | |
| GEORGE HATALOWICH, MELVIN | ) | |
| SHELTON, and MARK ROWE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

August 11, 2009

　　　　Presently before the Court is the MOTION TO DISMISS PURSUANT TO FEDERAL

RULE OF CIVIL PROCEDURE 12(b)(6), with brief in support, filed by Defendant Mark Rowe

(Document Nos. 9 and 14), the MOTION TO DISMISS OR IN THE ALTERNATIVE FOR

SUMMARY JUDGMENT, with brief in support, filed by Defendants Pennsylvania Turnpike

Commission, Mitchell Rubin, George Hatalowich, and Melvin Shelton (Document Nos. 10 and

11); the RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS, filed by

Plaintiff Donald Kovac (Document No. 19), the REPLY BRIEF filed by Defendant Rowe

(Document No. 22); and the REPLY BRIEF filed by Defendants Pennsylvania Turnpike

Commission, Mitchell Rubin, George Hatalowich, and Melvin Shelton (Document No. 23).

1

**BACKGROUND**

As the law requires, all disputed facts and inferences are resolved in favor of Plaintiff, the non-moving party.  The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this Opinion.

On April 6, 2009, Plaintiff Donald Kovac ("Plaintiff") commenced this lawsuit pursuant to 42 U.S.C. § 1983, in which he alleges that he was unlawfully terminated from his employment in retaliation for his exercise of the right of free speech.  Plaintiff also brings a state law claim under the Pennsylvania Whistleblower Law, 43 Pa. C.S. § 1421 *et seq.*

From April 2005 until November 20, 2008,  Plaintiff was employed as a Labor Relations Manager by the Pennsylvania Turnpike Commission ("PTC").  Plaintiff alleges that his employment was terminated in retaliation for his recommendation that the employment of Christopher J. O'Reilly ("O'Reilly"), a PTC  District #4 Toll Collector and Teamsters Union Local No. 77 member, not be reinstated and for his "whistle-blowing" on PTC's unwritten favoritism  policy directed towards PTC employees who are members of Teamsters Union Local No. 77.

Defendant Mark Rowe ("Defendant Rowe") is alleged to have been the "Business Agent" of Teamsters Union Local No. 77.  Defendants Mitchell Rubin, George Hatalowich, and Melvin Shelton ("the Commission Defendants") were employees of the PTC during the relevant time in question.

Defendant Rowe and the Commission Defendants have each filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which they contend that the Complaint lacks the factual specificity required under the decisions of the United States Supreme Court in

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and  *Ashcroft v. Iqbal,* --U.S.--, 129 S. Ct. 1937 (2009). The Commission Defendants have also moved, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.

The issues have been fully briefed by the parties and the matter is ripe for disposition. After a careful consideration of the motions, the filings in support and opposition thereto, and the relevant case law, the Motions to Dismiss will be granted in part and denied in part and the Motion for Summary Judgment will be denied.

### STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and " 'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint.  The court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).  Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

3

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Recently, the United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters outside the realm of antitrust law.  When a complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 1950.  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 1949.

However, nothing in *Twombly* or *Iqbal* has changed other pleading standards for a Rule 12(b)(6) motion to dismiss.  The United States Supreme Court did not impose a new heightened pleading requirement, but reaffirmed that Rule 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations."  *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*citing Twombly*, 550 U.S. at 555).  Moreover, the United States Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (*citing Twombly*, 550 U.S. at 555-56, 563 n.8.).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999);  *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

The Commission Defendants have filed a Statement of Material Facts and the Unsworn Declaration of Patrick J. Caro.   The Court will not consider these documents in deciding the motion to dismiss because to do so would effectively convert the motion to dismiss to a motion for summary judgment.  *Friedman v. Lansdale Parking Auth.*, 151 F.R.D. 42, 44 (E.D. Pa. 1993) ("court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a defendant's Rule 12(b)(6) motion.).  The Motion, in the alternative, For Summary Judgment will be denied without prejudice.

DISCUSSION

A.     <u>Plaintiff's Federal Claims</u>

       1.     *Claims Pursuant to 42 U.S.C. § 1983*

          (a)     <u>Defendant Rowe is a Proper Defendant</u>

Defendant Rowe argues that he is not a proper defendant in the § 1983 claims because he is "a private actor and not an agent of the government." Rowe Mem. at 16.  The Court finds this argument to be without merit.

A private person, jointly engaged with state officials in the prohibited action in question, is said to be acting "under the color of law" when that private actor is at least "a willful participant in the joint activity with the State or its agents." *Harvey v. Plains Twp. Police Dep't.*, 421 F.3d 185, 195 (3d Cir. 2005) (*citing United States v. Price*, 383 U.S. 787, 794 (1966)).

In Paragraphs 22 and 23 of the Complaint, Plaintiff alleges the following:

On information and belief, <u>Defendant Rowe</u> as business agent of the union demanded of Defendant Shelton to have Plaintiff fired in retaliation for Plaintiff's disloyalty in speaking out about and in deciding the O'Reilly appeal . . . On information and belief, Defendant Shelton communicated these demands to Defendant Rubin, who in turn contacted Defendant Hatalowich and instructed him to fire Plaintiff.

5

Complaint at ¶¶ 22, 23 (emphasis added).  Thus, from the allegations of the Complaint, Defendant Rowe was a willful participant in joint activity with the PTC insofar as he allegedly demanded that the PTC terminate Plaintiff's employment.  Therefore, the Court finds that the Complaint contains the elements necessary to maintain a § 1983 action against Defendant Rowe.

(b)   <u>First Amendment Claim for Retaliatory Termination</u>

All Defendants argue that the First Amendment does not protect Plaintiff's workplace speech, as Plaintiff spoke in the course of his official duties as a PTC labor relations employee when he: (1) recommended that O'Reilly's employment should not be reinstated and (2) reported to his superiors that he had received threats of termination should his recommendation not be changed.  Comm'n. Br. at 6; Rowe Mem. at 8.  Additionally, the Commission Defendants argue that Plaintiff spoke about an internal PTC personnel matter and not a matter of public concern.  Comm'n. Br. at 8.

To state a viable First Amendment retaliation claim, a plaintiff must allege that (1) the activity in question is protected by the First Amendment and (2) the protected activity was a substantial factor in the alleged retaliatory action.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006).  In the context of public employment, an employee's speech is protected when (1) the employee is speaking as a citizen and not pursuant to his or her official responsibilities; (2) the statement involves a matter of public concern; and (3) the government employer is not justified in treating the employee differently from a member of the public because of her or her statement.  *Id.* at 241-42 (citations omitted).

 "Whether a particular incident of speech is made within a particular plaintiff's job duties is a mixed question of *fact* and law."  *Reilly v. City of Atlantic City*, 532 F.3d 216, 227 (3d Cir.

6

2008) (*citing Foraker v. Chaffinch*, 501 F.3d 231, 240 (3d Cir. 2007)) (emphasis added). Accordingly, Plaintiff argues that the inquiry into whether he was speaking as a citizen on a matter of public concern is "nuanced" and requires a factual record. Pl's Br. at 5.   The Court agrees.

Plaintiff ultimately may or may not be able to prove that his alleged speech was made as a citizen or that his speech pertained to a matter of public concern.  However, these are issues that can only be determined after a factual record has been established.  Accordingly, the Court finds that Plaintiff's First Amendment claim is sufficient to survive the motion to dismiss.[1]

### (c)   Fourteenth Amendment Equal Protection Claim

Plaintiff alleges that Defendants' conduct amounted to "a denial of the equal protection of the law." Complaint at ¶ 32.  Defendants argue that such a claim must fail because: (1) Plaintiff did not identify anyone who was similarly situated to him and (2) Plaintiff cannot maintain an equal protection claim in the context of public employment based upon a "class of one" theory. Comm'n. Br. at 8, 10; Rowe Mem. at 19.

In an equal protection claim, a plaintiff must allege that a defendant treated him or her differently than others similarly situated, and that such selective treatment was predicated upon membership in a suspect class or designed to inhibit fundamental rights.  *See City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440 (1985). Dissimilar conduct under the law may be

---

[1]    Plaintiff also argues that his Complaint cannot be dismissed because Defendants have not challenged his allegations of political affiliation discrimination. However, from a reading of the Complaint, it does not appear that Plaintiff has pled a claim for political affiliation discrimination.  Thus, the Court finds that Plaintiff has failed to plead sufficient facts in his Complaint to state an additional First Amendment claim for political affiliation discrimination pursuant to *Twombly* and *Iqbal.*

excused if it is rationally related to a legitimate state interest.  *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981).

The United States Supreme Court recently held that "the class-of-one theory of equal protection has no application in the public employment context," as the alternative would dictate that "any personnel action in which a wronged employee can conjure up a claim of differential treatment will suddenly become the basis for a federal constitutional claim." *Engquist v. Or. Dep't. of Agric.* --U.S.--, 128 S. Ct. 2146, 2156 (2008).  In the context of public employment, the Equal Protection Clause is only implicated when decisions are made based upon membership in a certain class.  *Id.* at 2155.

Nowhere in the Complaint does Plaintiff (i) identify a similarly situated PTC employee (ii) who exercised his or her constitutional rights in a similar fashion as Plaintiff, and (iii)  did not have his or her employment terminated.  Insofar as Plaintiff's equal protection claim is based upon a "class-of-one" theory, such a claim simply is not cognizable in the context of public employment.  *See Engquist*, 128 S. Ct. at 2156-57.  Therefore, Plaintiff's equal protection claim under § 1983 will be dismissed.

2.    *Claims Pursuant to 42 U.S.C. § 1985(3)*

The Complaint makes a fleeting reference to 42 U.S.C. § 1985(3) as a basis for this Court's jurisdiction. Complaint at ¶ 7.  However, as Defendants correctly point out, Plaintiff has not specifically pled any facts to support such a cause of action.  Complaint at Counts I and II, ¶¶ 30-38.  Thus, any claim that Plaintiff intended to bring pursuant to § 1985(3) will be dismissed.

B.      Plaintiff's Claims Under the Pennsylvania Whistleblower Law

        1.      *Defendant Rowe*

Defendant Rowe argues that, because he is neither an employer of Plaintiff nor an agent of PTC, the Plaintiff's employer, he cannot be liable under Pennsylvania's Whistleblower Law, 43 Pa. C.S. § 1421 *et seq.* Rowe Mem. at 18-19.  The Court agrees.

43 Pa. C.S. § 1424(a) states that the appropriate remedy for a person who alleges a violation of the Whistleblower Law is an injunction, payment of damages, or both. Pennsylvania courts have consistently held that it is only a public body-employer that can logically provide these remedies, since it is a public body-employer that has the power of the purse and control over employment decisions.  *See Retenauer v. Flaherty*, 642 A.2d 587, 592-93 (Pa. Commw. Ct. 1994).  Individual persons cannot order payment of damages or change employment policy. Thus, the public body-employer, not an individual employee, is the proper defendant in a Whistleblower action.  *Id.*

Additionally, 43 Pa. C.S. § 1423(a) defines an "employer" as "a person supervising one or more employees, including the employee in question; a supervisor of that supervisor; or an agent of the public body."  Under the Pennsylvania Whistleblower Law, an agency relationship requires "a manifestation of consent by one person to another that the other shall act on his behalf and be subject to his control, and consent by the other to so act." *Cohen v. Salick Health Care, Inc.,* 772 F. Supp. 1521, 1527 (E.D. Pa. 1991) (*citing* § 1 Restatement (2d) of Agency).

The Complaint states that Defendant Rowe "was at all times relevant the Business Agent of Teamsters Union Local 77, the union representing employees of the PTC's Eastern Region." Complaint at ¶ 6.  It is not alleged in the Complaint that Defendant Rowe was Plaintiff's

supervisor or the superior of Plaintiff's supervisor.  Thus, for Defendant Rowe to be a proper

defendant under § 1423(a), he would have to be an agent of the PTC.  Merely referring to

Defendant Rowe as the "Business *Agent*" (emphasis added) of the Union does not mean that

Defendant Rowe was an agent of the PTC.

Plaintiff does not allege that Defendant Rowe has the authority to act on behalf of the

PTC or that Defendant Rowe is subject to the PTC's control.  Without the necessary facts to

establish such a relationship, Defendant Rowe cannot be considered an agent of the PTC, and

thus, he cannot be considered an "employer" as defined in § 1423(a).  Consequently, all claims

against Defendant Rowe under the Pennsylvania Whistleblower Law will be dismissed.

### 2.      *The Commission Defendants*

The Commission Defendants argue that "Plaintiff failed to state a [Pennsylvania]

Whistleblower Law claim for which relief can be granted because his alleged speech did not

constitute a report of 'waste'  or 'wrongdoing' under that statute." Comm'n Br. at 10.

Specifically, the Commission Defendants argue that: (1) the Complaint is "devoid of any

reference to a law, ordinance, or code of conduct or ethics" necessary for sufficient allegations of

"wrongdoing" and (2) Plaintiff's conduct could not rationally be construed as a report of abuse,

misuse, destruction, or loss of funds, which is necessary to meet the statutory definition of

"waste." Comm'n Br. at 11.  The Court finds that Plaintiff's allegations of "wrongdoing," while

general in nature, are sufficient to survive the motion to dismiss.

In the early stages of a Whistleblower action, allegations of "wrongdoing" do not require

a plaintiff to state the specific statutes, ordinances, internal regulations, or other codes of conduct

that have been violated, so long as the allegations, if proven, could reasonably fall within the

10

definition of wrongdoing.  *See Podgurski v. The Pa. State Univ.*, 722 A.2d 730, 732-33 (Pa.

Super. 1998); *Rodgers v. Pa. Dep't. of Corrections*, 659 A.2d 63, 66 (Pa. Commw. Ct. 1994).

When a plaintiff alleges that retaliatory action was taken against him after reporting certain types

of wrongdoing, that plaintiff is within the "plain intent" of the law and, therefore, whether some

allegations fall under the provisions of the Whistleblower Law is a matter for discovery.

*Rodgers*, 659 A.2d at 66.

> In this instant case, Plaintiff alleges the following:
>
> At the PTC, the unwritten rule was that the PTC union employees who had
> favored political connections would be afforded favorable treatment . . . Plaintiff
> had reported to his employer that it would not be in the best interests of PTC to
> reinstate O'Reilly . . . Plaintiff's firing was in retaliation for his good faith report
> to the PTC that O'Reilly should be terminated, a report that was in direct
> contravention of the PTC's unethical policy of favoritism towards its union
> employees covered by Teamsters Local No. 77.

Complaint at ¶¶ 14, 18, 35.  The retaliatory element necessary for a Whistleblower claim clearly

exists on the face of the Complaint.  Post discovery, Plaintiff will be required to allege with more

specificity the nature of his reports to superiors and the statutes and/or internal PTC regulations

that the PTC's "unwritten rule" of political favoritism violated.  Thus, the Court finds that,

although vague, Plaintiff's allegations could reasonably fall within the definition of wrongdoing.

As such, the Court rules that the allegations in the Complaint give Defendants fair notice of the

grounds upon which Plaintiff's Whistleblower claims rest.

> 3.    *Punitive Damages*

Plaintiff seeks punitive damages for his claims brought under the Pennsylvania

Whistleblower Law.  It is well settled under Pennsylvania law that punitive damages are not

available for Whistleblower Law claims.  *See O'Rourke v. Commw. of Pa. Dep't of Corrections*,

778 A.2d 1194, 1202-03 (Pa. 2001) ("[R]ecovery under the statute is proportionate to the harm

suffered, as punitive damages are not available"); *see also Rankin v. City of Phila.,* 963 F. Supp.

463, 480 (E.D. Pa. 1987).  Accordingly, Plaintiff's claims for punitive damages under the

Whistleblower Law will be dismissed with prejudice.

C.      Leave to Amend the Complaint

        If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative

amendment unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363

F.3d 229, 235 (3d Cir. 2004); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir.

2002).  The district court may dismiss the action if the plaintiff does not file an amended

complaint or if the plaintiff files a notice of his or her intent to stand on the complaint as filed.

        Accordingly, Plaintiff will be granted leave to amend his Complaint if he so chooses.  If

Plaintiff chooses to file an amended complaint, he should: (1) plead sufficient facts to state a

First Amendment political affiliation discrimination claim; (2) plead sufficient facts to establish

his membership in a protected class to sustain a cognizable equal protection claim; (3) plead

sufficient facts to clearly state that he is bringing a claim pursuant to 42 U.S.C. § 1985(3) and;

(4) plead sufficient facts to reflect that an agency relationship existed between the PTC and

Defendant Rowe.

CONCLUSION

        For the reasons hereinabove stated, the Motions to Dismiss filed by Defendants will be

granted in part and denied in part, and the Motion for Summary Judgment filed by the

Commission Defendants will be denied without prejudice.  An appropriate Order follows.

                                        McVerry, J.

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD KOVAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )         2:09-cv-00400 |
| | ) |
| PENNSYLVANIA TURNPIKE | ) |
| COMMISSION, MITCHELL RUBIN, | ) |
| GEORGE HATALOWICH, MELVIN | ) |
| SHELTON, and MARK ROWE, | ) |
| | ) |
| Defendants. | ) |

**ORDER OF THE COURT**

**AND NOW**, this 11th day of August, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the following claims are **DISMISSED**:

(i) Plaintiff's equal protection claim(s) brought under 42 U.S.C. § 1983;

(ii) Plaintiff's claim(s) brought under 42 U.S.C. § 1985(3);

(iii) Plaintiff's claim(s) against Defendant Rowe brought under the Pennsylvania Whistleblower Law; and

(iv) Plaintiff's claim(s) for punitive damages brought under the Pennsylvania Whistleblower Law.

The Motion, in the alternative, For Summary Judgment filed by the Commission Defendants is **DENIED without prejudice.**

It is further **ORDERED** that, on or before September 1,  2009, Plaintiff may file an amended complaint to correct the noted deficiencies in his original complaint, <u>or</u> file a notice of intent to stand on the current complaint.


BY THE COURT:

<u>s/Terrence F. McVerry</u>
United States District Court Judge


cc:    Ronald D. Barber, Esquire
       rbarber@smgplaw.com

       Michael A. Farnan
       mfarnan@farnanlawoffice.com

       Peter H. Demkovitz
       pdemkovitz@markowitzandrichman.com